[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, the parties seek to recover the sum of $5,000.00 deposited by the defendants under a contract to sell real property known as 197 Burwell Street in New Haven.
Judgment should enter for the plaintiffs on the complaint and the counterclaim.
The subject property, located in an industrial zone, consists of a two family residential home and improvements which include a barn located at the rear of the property. Said barn was constructed of wood with a dirt floor; it was 1-1/2 stories in height; there is no evidence of the nature of its foundation. On April 28, 1989, the barn was in disrepair; it had holes in the roof and sides, and doors and windows were missing; it was leaning 20 degree toward North; grass around it was over grown. Since 1965 the barn had not been used; on and before April 28, 1989, it was in danger of collapsing.
Since 1934 the subject property was owned by Jean B. Mauro; he lived there with his family which included his son Jean V. Mauro. Pursuant to a durable power of attorney executed on November 20, 1987, Jean V. Mauro acted for his father.
Acting under said power of attorney, Jean V. Mauro contracted to sell the subject property to the defendants; the parties signed said contract on April 23, 1989 and April 28, 1989, respectively.
In order to permit defendants to obtain a mortgage commitment, the closing date was extended. Defendants obtained a mortgage commitment on July 7, 1989.
At some time after July 10, 1989, defendants visited the subject property and they saw that the barn had collapsed. The barn collapsed at some time between April 28, 1989 and June 25, 1989, wholly unrelated to a storm which occurred on July 10, 1989; it collapsed because of its condition.
On July 20, 1989, defendants gave plaintiffs written notice that defendants "elected to rescind the agreement . . . . pursuant to Paragraph #4, subsection (b) thereof". Said paragraph 4 provides:
"4. All risks of loss or damage to said CT Page 4866 property by fire, theft, or other casualty until delivery of the deed shall be on the SELLER and in the event of loss or damage independently appraised at more than $2,000, BUYER shall elect either to (a) receive any insurance payable on account of such damage and take title, or (b) rescind this agreement and receive back any amounts paid on account of the purchase price in which event all rights under this agreement shall terminate."
Under the allegations of their special defense and their counterclaim, defendants rescinded the contract based solely on said paragraph 4 of the contract.
As of July 20, 1989, defendants had not had the loss or damage "independently appraised." Defendants offered to discuss with plaintiffs confirmation by an independent appraisal of the amount of loss or damage. Plaintiffs responded by declaring defendants in breach and claiming the deposit of $5,000.00 as liquidated damages under paragraph 14 of said contract. This action was commenced on August 10, 1989.
Defendants have failed to prove by a fair preponderance of the evidence that there has been loss or damage to the subject property "at more than $2,000.00."
Defendants hired a licensed real estate appraiser in September or October of 1989. This appraiser testified at trial that the subject property with the barn, had a value of $194,000.00 and that the subject property, without the barn, had a value of $188,000.00; and he concluded that there was a diminution in value of $6,000.00 because of the loss of the barn. Said appraisals are based, in part, on information provided by defendants, Land Records and the MLS for the description of the subject property; the appraiser did not see the interior of the house and did not enter on the land to see the remains of the barn. This witness describes the subject property, in part, as a house with an exterior of stucco and aluminum siding, a one car garage and two heating systems. In fact the subject house has an exterior of wood and brick, a two car garage and one heating system. The house which the witness describes is located next to the subject property. This court gives no weight to the opinion of said witness. There is no evidence of loss or damage to the subject property at more than $2,000.00.
Accordingly, judgment is entered for plaintiffs on the complaint in the amount of $5,000.00 plus interest at the legal rate from August 1989: and judgment is entered for plaintiffs, Jean V. Mauro and Jean B. Mauro, on the counterclaim. CT Page 4867
RONALD J. FRACASSE, JUDGE